Although the United States did not file a response, the United States filed an amended witness list after Aranda–Diaz filed his Objection; that amended witness list continues to list Linson as a potential witness. *See* First Amended Government's Witness List at 1, filed July 23, 2013 (Doc. 94).

v.

**Yuren ARANDA–DIAZ, Defendant.**

**No. CR 12–2686 JB.**

United States District Court,
D. New Mexico.

Filed July 10, 2014.

---

Kenneth J. Gonzales, United States Attorney, David M. Walsh, Novaline Wilson, Assistant United States Attorneys, United States Attorney's Office, District of New Mexico, Albuquerque, NM, for the Plaintiff.

Leon Encinias, Albuquerque, NM, for the Defendant.

## MEMORANDUM OPINION AND ORDER

JAMES O. BROWNING, District Judge.

**THIS MATTER** comes before the Court on the Motion for Dismissal of Counsel, filed February 14, 2014 (Doc. 154)("Motion"). The Court held a hearing on February 20, 2014. In the Motion, Defendant Yuren Aranda–Diaz asks the Court to dismiss his counsel, Leon Felipe Encinias, for three reasons: (i) Mr. Encinias "can't process appeal. I must obtain a lawyer that will be able to complete sentencing and appeal," Motion at 1; (ii) Mr. Encinias "[d]oesn't inform client of court strategy. He will not listen to my defense on how to go forward," Motion at 1; and (iii) Mr. Encinias "[d]isrespects my person and gives me misinformation about case," Motion at 1.

Plaintiff United States of America opposes the Motion: it points out that granting the Motion would allow Aranda–Diaz his fourth appointed attorney, and it argues that Aranda–Diaz cannot show good cause for appointing a new attorney. *See* United States' Response to Defendant's Motion for Dismissal of Counsel at 1, filed February 18, 2014 (Doc. 156)("Response"). The United States incorporates by reference the arguments it made in response to a request by Aranda–Diaz' previous counsel to withdraw from the case. *See* Response at 1 (citing United States' Response to Motion to Withdraw and for Appointment of New Counsel and Request for Hearing (Doc. 120), filed September 9, 2013 (Doc. 128)). The United States further asserts that Aranda–Diaz "is the source of any issues with his current attorney-client relationship" and argues that he does not, therefore, deserve "yet another court-appointed attorney." Response at 1. The United States also argues that allowing Aranda–Diaz new counsel would delay sentencing, which would "needlessly expend additional judicial and taxpayer resources," particularly because "both parties have filed pleadings and the presentence report has been fully prepared." Response at 1.

At the February 20, 2014, hearing, it became clear that the tension between Aranda–Diaz and Mr. Encinias related to Mr. Encinias' thoughts about the efficacy of any ineffective-assistance-of-counsel issue being raised on appeal and not so much how Mr. Encinias was handling the sentencing. The Court proposed that Aranda–Diaz agree that he would cooperate with Mr. Encinias in completing his sentencing and that the Court would allow Mr. Encinias to withdraw after sentencing; it stated that, because the United States

Court of Appeals for the Tenth Circuit could appoint new counsel for any appeal, ·Aranda–Diaz did not have to worry about Mr. Encinias' opinion about the strength of the appeal and how hard he would work on it. Aranda–Diaz agreed to allow Mr. Encinias to represent him through his sentencing and to cooperate with Mr. Encinias in preparing for his sentencing and for the hearing related to his alleged violation of supervised release. Aranda–Diaz agreed to this procedure with the understanding that Mr. Encinias will withdraw as his counsel to permit the appointment of new counsel to assist Aranda–Diaz in the event of an appeal. Accordingly, the Court will, for the reasons stated on the record at the hearing and herein, ·grant the Motion in part and deny it in part.

**IT IS ORDERED** that the Motion for Dismissal of Counsel, filed February 14, 2014 (Doc. 154), is granted in part and denied in part.